NICHOLS (PARK BANK v.). See Case No. 10,718.

———

## Case No. 10,246.

### NICHOLS v. PEARCE et al.

[7 Blatchf. 5.] 1

Circuit Court, S. D. New York. Aug. 31, 1869.

PATENTS—PRIORITY OF INVENTION—INFRINGEMENT —PARTIES.

1. Where a patent granted to W., as inventor, was infringed by a machine used by P., by virtue of a license under a patent granted to N., as inventor, and it was set up in defence that N. was the first inventor of what was covered by the patent to W., and it appeared that N. made his invention before the application by W. for his patent, but that W. had in successful operation a machine containing the invention at a date earlier than the date of the invention by N. of anything embodied in W.'s patent: Held, that W. was the first inventor.

2. Where V., as an officer of a corporation which owned the patent to N., and on behalf of such corporation, executed a written agreement between the corporation and P., under which the corporation furnished to P. for use by him, under a tariff, as rent, the infringing machines, they remaining the property of the corporation: Held, that V. was a proper party defendant to a suit against P. to restrain the infringement of W.'s patent by the use of such machines.

In equity. This was a final hearing, on pleadings and proofs, on a bill founded on letters patent [No. 57,232] granted to Sidney S. Wheeler and Daniel B. Manley, August 14th, 1866, for an "improvement in machines for pouncing hat bodies," and the title to which had, by sundry mesne assignments, become vested in the plaintiff [Edward A. Nichols]. The infringement alleged was the use of infringing machines by the defendants [Hosea O.] Pearce and [Samuel W.] Benedict, and the fact that the defendant [Philetus W.] Vail made, or caused to be made, or participated in the making of such infringing ma-

chines, and allowed or caused them to be used on the premises, and under the direction, of Pearce and Benedict.

George Gifford, for plaintiff.
Charles M. Keller, for defendants.

BLATCHFORD, District Judge. It is not disputed that the machines used by Pearce and Benedict embody the inventions covered by the first, second, third, fifth, and sixth claims of the plaintiff's patent. The defence set up in justification of the use of the machines is an alleged prior invention by one Emile Nougaret. The proofs show that Wheeler and Manley had in successful operation by the latter part of May or the fore part of June, 1865, a machine containing the improvements subsequently patented by them; and that their application for a patent therefor was made on the 15th of September, 1865. The evidence also shows that Nougaret does not carry back to a date earlier than July, 1865, his invention of any thing embodied in the plaintiff's patent; and that for such invention a patent was issued to Nougaret on the 18th of September, 1866. Nougaret's patent is owned by the American Hat Pouncing Machine Company; under a license from whom Pearce and Benedict are using their machines. The defendants appear to have acted in entire good faith in the use of the machines used by them, and they were warranted in defending this suit by the fact that Nougaret's invention antedated the application by Wheeler and Manley for their patent. But the case is a plain one, and there must be the usual decree for the plaintiff for an injunction and an account of profits.

The defendant Vail, as vice president of the Hat Pouncing Machine Company, and on its behalf, as the owner of the patent granted to Nougaret on the 18th of September, 1866, and of another patent granted to Nougaret on the 20th of February, 1866, and of certain improvements embodied in an application that had been made for a patent, executed an agreement in writing, made between the company and Pearce and Benedict, on the 1st of February, 1867, under which the company agreed to furnish, let, and rent to Pearce and Benedict, to be used by them, three machines, containing the improvements embraced in the said two patents to Nougaret and the said application, for a then present consideration and for a tariff to be paid to the company on all hats which should be pounced by the use of said machines, the machines to remain the property of the company. The machines were furnished accordingly and are the machines complained of in this suit. These facts warranted. I think, the making Vail a party defendant to this suit, in order to procure a perpetual injunction against his further participation in furnishing the Nougaret machine to be used in infringement of the plaintiff's patent. Whether

---

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

Vail will be held liable to respond to the plaintiff for any part of any profits which may have been derived from the use of the three machines referred to, will depend upon the testimony which shall be taken on the reference as to the accounting.